## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **REBECCA HACKE,** | **No.** |
| **Plaintiff,** | |
| **v.** | **Hon.** |
| **ISOMEDIX OPERATIONS, INC. and COSMED GROUP, INC.,** | **NOTICE OF REMOVAL** |
| **Defendants.** | |

**TO THE HONORABLE CLERK OF THE ABOVE ENTITLED COURT:**

PLEASE TAKE NOTICE THAT Defendant Isomedix Operations, Inc. ("Isomedix"), by and through counsel, hereby removes *Hacke v. Isomedix Operations, Inc. et al.*, No. 2023-L-008152, from the Circuit Court of Cook County, Illinois (the "State Court Action") to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446. In support of this Notice, Isomedix shows the Court as follows:

**I.      BACKGROUND AND AMOUNT IN CONTROVERSY**

1.      On August 11, 2023, Plaintiff Rebecca Hacke ("Plaintiff") filed the State Court Action, Case No. 2023-L-008152, in the Circuit Court of Cook County, Illinois against Medline Industries, Inc., Medline Industries, L.P., Isomedix, Cosmed Group, Inc. ("Cosmed"), and Vantage Specialty Chemicals, Inc. ("Vantage").

2.      The Complaint purports to assert common law claims for negligence, willful and wanton conduct, public nuisance, and ultrahazardous activity/strict liability against Defendant Isomedix. *See* Compl. ¶¶ 72-183.

3.      The amount in controversy in this matter exceeds $75,000.

4.      For each of her four asserted claims, Plaintiff seeks to recover "in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County, Illinois," which is $30,000.  *See* Compl. ¶¶ 103, 107, 119, 127; Cir. Ct. of Cook Cnty. State of Ill., Law Division, https://www.cookcountycourt.org/division/law-division (last visited Apr. 29, 2024) (stating that the "Law Division hears civil suits for recovery of monetary damages in excess of $30,000 in the city of Chicago.").  Accordingly, Plaintiff seeks a minimum of $120,000.  *See* 28 U.S.C. § 1332(a).

5.      The value of Plaintiff's claims can be aggregated because under applicable state law, because she may seek to hold Defendants jointly and severally liable for their alleged conduct.  *See* 735 Ill. Comp. Stat. 5/2-1117; 735 Ill. Comp. Stat. 5/2-1118; *see also, e.g.*, *Am. Standard Ins. Co. v. Rogers*, 123 F. Supp. 2d 461, 466 (S.D. Ind. 2000).

## II.      DIVERSITY OF CITIZENSHIP

6.      Upon information and belief, Plaintiff is a citizen of Illinois.  Compl. ¶ 8.

7.      Isomedix is incorporated under the laws of the State of Delaware with a principal place of business in Ohio.  As such, it is a citizen of Delaware and Ohio.  *See* Compl. ¶ 11.

8.      Upon information and belief, Vantage is incorporated under the laws of the State of Delaware with a principal place of business in Illinois.  As such, it is a citizen of Delaware and Illinois.  *See* Compl. ¶ 9.

9.      Upon information and belief, Cosmed is incorporated under the laws of the State of Delaware with a principal place of business in Rhode Island.  *See* Compl. ¶ 12.

10.      Upon information and belief, Medline Industries, L.P., is a limited partnership with at least one partner who is a citizen of Illinois.  As such, Medline Industries, L.P., is a citizen of

Illinois.  *See* Compl. ¶ 10.

## III.  EVENTS GIVING RISE TO REMOVAL

11.  On November 29, 2023, Plaintiff voluntarily dismissed Vantage.

12.  On April 15, 2024, Plaintiff voluntarily dismissed defendants Medline Industries, Inc. and Medline Industries, L.P. (collectively, the "Medline Defendants").

13.  On April 16, 2024, the Honorable John Ehrlich entered an Order dismissing the Medline Defendants from this action.  As a result, this action remains pending only against Defendants Isomedix and Cosmed as of that date.

14.  Accordingly, the Circuit Court's April 16, 2024 Order of Dismissal created complete diversity between the Plaintiff and Defendants.  *See* 28 U.S.C. § 1332(a)(1).

## IV.  COMPLIANCE WITH STATUTORY REQUIREMENTS

15.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because of diversity of citizenship of the parties and the matter in controversy exceeding the sum or value of $75,000.

16.  Isomedix's removal of this action is timely because this Notice of Removal is filed "within 30 days after receipt by the [D]efendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  *See* 28 U.S.C. § 1446(b)(3).

17.  In accordance with 28 U.S.C. § 1446(b)(2), Cosmed joins in and consents to the removal of this action.  A true and correct copy of Cosmed's Joinder and Consent to Removal is attached hereto as Exhibit 1.

18.  In accordance with 28 U.S.C. § 1446(a), true and correct copies of the Summons, Complaint, and all other process, pleadings, and orders served upon Defendants are attached hereto

as Exhibits 2, 3, and 4, respectively.

19.     This Notice of Removal is properly filed in this District and Division because the Circuit Court of Cook County, Illinois is located within the Northern District of Illinois, Eastern Division.  *See* 28 U.S.C. §§ 1441(a), 1446(a).

20.     In accordance with 28 U.S.C. § 1446(d), Isomedix will promptly provide written notice of removal of the State Court Action to Plaintiff, and will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

21.     Isomedix's Rule 7.1 Corporate Disclosure Statement and Local Rule 3.2 Notification as to Affiliates Statement will be filed contemporaneously with this Notice of Removal.

22.     Therefore, this case may be removed to federal court because it is a civil action wherein the amount in controversy, as alleged by Plaintiff, exceeds the sum of $75,000 exclusive of interest and costs, and Plaintiff and Defendants are "[c]itizens of different states." 28 U.S.C. § 1332(a)(1).  This case thus meets all requirements for removal and is timely and properly removed for the filing of this Notice.

Dated:  April 29, 2024

/s/ Philip M. Oliss
Philip M. Oliss
(Illinois Bar No. 6308268)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
Email:  poliss@jonesday.com


Paula S. Quist
(Illinois Bar No. 6278287)
JONES DAY
110 N. Wacker Drive, Suite 4800
Chicago, IL 60606
pquist@jonesday.com
Telephone:  (312) 782-3939

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2024, I caused the foregoing **NOTICE OF REMOVAL**

to be served via electronic mail on all of the following:

Jay Edelson
Benjamin H. Richman
Amy Hausmann
Hannah Hilligoss
Schuyler Daum
Dan Kiesselstein
Nick Rosinia
Victor Cedeño
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
jedelson@edelson.com
brichman@edelson.com
abhausmann@edelson.com
hhilligoss@edelson.com
sdaum@edelson.com
dkieselstein@edelson.com
nrosinia@edelson.com
vcedeno@edelson.com

Brandt Silver-Korn
Todd Logan
Lauren Blazing
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
bsilverkorn@edelson.com
tlogan@edelson.com
lblazing@edelson.com

Bryce Hensley
Stinar Gould Grieco & Hensley
101 N Wacker Drive
Suite 100
Chicago , IL 60606
bryce@sgghlaw.com

*Counsel for Plaintiff*

Gregory Dovel
greg@dovel.com
Julien Adams
julien@dovel.com
Alexander Erwig
alexander@dovel.com
DOVEL & LUNER
201 Santa Monica Boulevard, Suite 600
Santa Monica, CA 90401

*Counsel for Plaintiff*


Charles M. Gering
Anthony Pesce
Jeremy Kogan
Pedersen & Houpt, P.C.
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
cgering@pedersenhoupt.com
apesce@pedersenhoupt.com
jkogan@pedersenhoupt.com

*Counsel for Cosmed Group, Inc.*

*/s/ Philip M. Oliss*
*Counsel for Isomedix Operations, Inc.*