**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Rebecca Hacke, | ) | |
| | ) | |
| Plaintiff, | ) | Case No:  24 C 3410 |
| | ) | |
| v. | ) | |
| | ) | Judge Joan H. Lefkow |
| | ) | |
| Isomedix Operations, Inc., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The motion of plaintiff to remand (14) is granted. The Clerk is directed to remand this case to the Circuit Court of Cook County. See Statement.

### Statement

Plaintiff filed an amended complaint (dkt. 17) in which she added a defendant knowing that joinder would defeat diversity jurisdiction. (See dkt. no. 14 at 1) ("[T]his amendment would destroy complete diversity and require remand ...."). At the threshold, the court must determine whether the joinder of Vantage Specialty Chemicals, Inc. ("VSC"), would destroy this court's subject matter jurisdiction. If so, the court must either "(1) deny joinder, or (2) permit joinder and remand the action to state court ... and the court should balance the equities to make the determination." *Schur* v. *L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009) (citing 28 U.S.C. § 1447(e)).

Although the notice of removal demonstrates diversity of citizenship among the original parties, the amended complaint does not affirmatively allege the citizenship of any of the parties.[1] See Fed. R. Civ. P. 8(a)(1). This defect is material here only with respect to the added

---

[1] Plaintiff alleges that she is a resident of Illinois. It has long been established that residency is not the same as citizenship. *See Held* v. *Held*, 137 F.3d 998, 1000 (7th Cir. 1998) quoting *Guaranty Nat'l Title Co.* v. *J.E.G. Assoc.*, 101 F.3d 57, 58 (7th Cir.1996) (It is well-settled that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit."). Further, the FAC alleges the headquarters of the defendant corporations but not their respective states of incorporation or principal places of business. *See* 28 U.S.C. § 1332(c)(1); *Roy M. Moffit Co.* v. *Ecobar*, No. 86 C 2201, 1986 WL 4428, at *1 (N.D. Ill. 1986) quoting *Knife Works* v. *National Metalcrafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("[T]he test in this circuit for principal place of business is "nerve center," ...; and, to continue the neurological metaphor, we look for the corporation's brain, and ordinarily find it where the corporation has its headquarters."). As such plaintiff has not pleaded diversity jurisdiction.

defendant, VSC. The parties agree that VSC is headquartered in Illinois (although it is not a corporation listed on the Illinois Secretary of State's website: https://apps.ilsos.gov/businessentitysearch/businessentitysearch (visited on July 2, 2024).) Since, as stated in the footnote below, its principal place of business is likely where it is headquartered, the court will presume VSC is a citizen of Illinois such that joinder of this defendant defeats diversity.

Turning to whether to permit joinder and remand, the court observes that defendants in the Joint Statement filed in response to the motion to remand (dkt. 20) assert that joinder of VSC is improper under 28 U.S.C. §1447(e), but they appear to acquiesce in remand rather than challenge joinder as they were free to do. See dkt. 16. Since there is no present basis for this court's jurisdiction, and in light of defendants' acquiescence, the motion to remand is granted.

Date:   7/2/2024

_Joan H. Lefkow_
Joan H. Lefkow, U.S. District Judge